UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KAISSON SANDERS,

                Plaintiff,

**FIRST AMENDED COMPLAINT**

      -against-

14 CV 6850 (MKB) (RLM)

P.O. TEDDY DUROC, P.O. SHEENA LAWRENCE, and SGT. LATAVIA LAWRENCE.

                Defendants.
------------------------------------------------------------------x

      Plaintiff KAISSON SANDERS (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## PARTIES

5. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Kings, State of New York.

6. Defendants are officers with the NYPD and are/were assigned to the 73rd precinct at the time when plaintiff's claims arose.

## FACTS

7. On June 19, 2014, around 3 a.m., plaintiff left his home to get cigarettes from a local deli.

8. After purchasing the cigarettes, plaintiff walked to his car that was parked approximately 15 feet from his home.

9. Plaintiff got in the passenger seat and decided to charge his phone before he went back inside his home.

10. As plaintiff sat inside his car, defendants Duroc and P.O. Lawrence arrived on the scene and inquired what plaintiff was doing inside his car.

11. Plaintiff explained that he was charging his phone before going back to his home.

12. Defendants Duroc asked plaintiff if he could search him and plaintiff consented. After defendants searched plaintiff, they asked permission to search his car and plaintiff again consented.

13. Defendants did not find anything on plaintiff's person or his car.

14. Astonishingly, defendants then accused plaintiff of driving while intoxicated.

15. Plaintiff attempted to explain to Duroc and Lawrence that he was not drinking and definitely not driving.

16. However, Duroc and Lawrence were intent on arresting plaintiff for any charge they could think of.

17. Plaintiff who was now being harassed and unnecessarily targeted by these defendants, requested that a sergeant be called onto the scene.

18. After defendant Latavia Lawrence arrived on the scene, defendants Duroc and Lawrence falsely informed the sergeant that plaintiff was drinking and riving.

19. Defendant Sergeant instead of making an independent assessment that plaintiff was not drinking or driving, directed that he be arrested.

20. Plaintiff was then handcuffed and transferred to the 73rd precinct.

21. Plaintiff requested that he be given a breathalyzer because he was not drinking.

22. Defendants then transported plaintiff to the Highway Patrol Unit for his breathalyzer test. At the Unit, plaintiff passed the breathalyzer.

23. However, even though plaintiff passed the breathalyzer, defendants refused to release him and instead transported him back to the 73rd precinct.

24. Defendants needed an excuse to justify their unlawful conduct so they booked plaintiff and charged him with driving while intoxicated.

25. Plaintiff was put through the "system" and brought before a judge later than evening.

26. The Court and the District Attorney finding that the charges against plaintiff were bogus released him from custody around 9 p.m.

## AS AND FOR A FIRST CAUSE OF ACTION
(Fourth Amendment-False Arrest/Unlawful seizure)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. There was no probable cause for the unlawful seizure, detention, arrest or the continued incarceration, and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

29. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to a Fair Trial)

30. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. Defendant Duroc falsified charges against plaintiff.

32. Defendant Duroc then forwarded the fabricated charges to ensure that plaintiff would be falsely detained for over 16 hours.

33. But for the false charges, plaintiff would not have spent any time in custody.

34. Defendants lied about plaintiff's demeanor to cover up their illegal actions.

35. As a result of defendants' unlawful conduct, plaintiff's constitutional rights were violated.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene against Sergeant Lawrence)

36. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

37. Defendant Sergeant Lawrence witnessed her sub-ordinates unlawfully arrest plaintiff.

38. Despite witnessing the false arrest of plaintiff, and the subsequent proof from the breathalyzer, defendant Lawrence failed to intervene.

39. As a result of defendants' conduct, plaintiff suffered constitutional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability against Sergeant Lawrence)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendant Lawrence was the supervisor on the scene.

42. Defendant Lawrence knew that plaintiff had not committed the crimes that plaintiff was being charged with.

43. Lawrence's actions or lack there-of makes her liable under her supervisory capacity and plaintiff suffered injuries as a result.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants conspired with one another to hide the facts of the event in question. Defendants fabricated evidence and falsified official documents in an effort to get plaintiff arrested and to cover their illegal actions. Defendants did so in order to generate overtime and pad their quotas.

46. As a result of defendants' conduct, plaintiff suffered violation of his constitutional rights.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
June 16, 2015

                                                PAWAR LAW GROUP P.C.
                                                20 Vesey Street, Suite 1210
                                                New York, New York 10007
                                                (212) 571-0805

                                                By: _____
                                                   Vik Pawar (VP9101)
                                                   *Attorney for Plaintiff*